# **<u>EXHIBIT A</u>**

LOWNDES COUNTY, GEORGIA
Lowndes County - State Court
2022SCV0506
9/13/2022 4:58 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Michael Hebert

## IN THE STATE COURT OF LOWNDES COUNTY
### STATE OF GEORGIA

VICTOR MINAS AND JANET MINAS,　　:
　　　　　　　　　　　　　　　　　　:
　　　　Plaintiffs,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
vs.　　　　　　　　　　　　　　　　:　　　CIVIL ACTION FILE
　　　　　　　　　　　　　　　　　　:　　　NO.: _____
CITRUS TRANSPORT, LLC,　　　　　　:　　　2022SCV0506
DOLO TRUCKING COMPANY,　　　　　:
ANTHONY CORNELIUS WILLIAMS,　　:
TRISURA SPECIALTY INSURANCE　　 :
COMPANY, ABC CORPORATION, and　:
XYZ INSURANCE COMPANY,　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　Defendants.　　　　　　　　　:

### COMPLAINT FOR DAMAGES

COME NOW Plaintiffs, VICTOR MINAS and JANET MINAS, by and through undersigned counsel, and hereby file this, their Complaint for Damages against CITRUS TRANSPORT, LLC, DOLO TRUCKING COMPANY, ANTHONY CORNELIUS WILLIAMS, and TRISURA SPECIALTY INSURANCE COMPANY, and in support of same, show this Court more fully as follows:

### Jurisdiction and Venue

1.

Plaintiffs Victor Minas and Janet Minas are residents of Ontario, Canada.

2.

Defendant Citrus Transport, LLC (hereinafter "Defendant Citrus") is a Florida Limited Liability Company with its principal office address located at 9850 New Berlin Rd., Jacksonville, FL 32226. Defendant Citrus may be served with process through its Registered Agent, Mitchell

D. Swanson, 9850 New Berlin Rd. Jacksonville, FL 32226.

3.

Defendant DOLO Trucking Company (hereinafter "Defendant DOLO") is a Florida Corporation with its principal office address located at 10081 Colonial Creek Ln., Jacksonville, FL 32219. Defendant DOLO may be served with process through its Registered Agent Ericka Robinson, 10081 Colonial Creek Ln., Jacksonville, FL 32219. Alternatively, Ericka Robinson may be served at 11682 Pleasant Creek Dr. Jacksonville, FL 32218.

4.

Anthony Cornelius Williams ("Defendant Williams") is a resident of Jacksonville, Florida and may be served at his residence address 11682 Pleasant Creek Dr., Jacksonville, FL 32218. Alternatively, Defendant Williams may be served at his place of employment 10081 Colonial Creek Ln. Jacksonville, FL 32219 or 9850 New Berlin Rd., Jacksonville, FL 32226.

5.

Defendant Trisura Specialty Insurance Company (hereinafter "Defendant Trisura") is an Oklahoma Insurance Corporation and is subject to the jurisdiction of this Court. Defendant Trisura is not currently licensed to transact business in the State of Georgia. Defendant Trisura was the insurance carrier for Defendant Citrus and/or Defendant DOLO at the time of this incident, and is a proper party to this action pursuant to O.C.G.A. § 40-1-112(c) and/or O.C.G.A. § 40-2-140(d)(4). Defendant Citrus is a "motor carrier" engaged in the business of transporting "property" as defined by O.C.G.A. § 40-1-100(12)(A). Defendant DOLO is a "motor carrier" engaged in the business of transporting "property" as defined by O.C.G.A. § 40-1-100(12)(A). Trisura Specialty Insurance Company can be served with process through its Registered Agent, Michael Beasley, 210 Park

Ave. Suite 1300, Oklahoma City, OK 73102.

6.

ABC Corporation is an unknown entity that owned the trailer with Tennessee License Plate Y05829 that was being pulled by the Freightliner tractor operated by Williams on the date of the accident that is the subject of the above-captioned action.

7.

XYZ Insurance Company was the insurance carrier for ABC Corporation at the time of this incident, and is a proper party to this action pursuant to O.C.G.A. § 40-1-112© and/or O.C.G.A. § 40-2-140(d)(4). ABC Corporation is a "motor carrier" engaged in the business of transporting "property" as defined by O.C.G.A. § 40-1-100(12)(A).

8.

Venue is proper as to all defendants pursuant to the Georgia Non-Resident Motorist Act, specifically, O.C.G.A. § 40-12-3.

9.

This Court has jurisdiction over this matter, and this Court is the proper venue for this matter.

**Factual Background**

10.

Plaintiff Victor Minas (hereinafter "Victor Minas") is a 57 year old male who lives with his wife, Plaintiff Janet Minas (hereinafter "Janet Minas")(Victor Minas and Janet Minas are hereinafter sometimes collectively referred to as "Plaintiffs") in Whitby, Ontario, Canada.

11.

At all times relevant on September 14, 2020 (hereinafter the "Collision Date"), Victor Minas was married to Janet Minas.

12.

Prior to the Collision Date Victor Minas was an active and healthy 57-year-old male who lived with his wife.

13.

Prior to the Collision Date, Victor Minas worked as a Denturist with Victor Minas Denturist Professional Corporation ("VMDPC").

14.

In addition to working with VMDPC, Victor Minas also provided help and support to his wife, Janet Minas.

15.

On the Collision Date, at approximately 5:00 pm, Victor Minas was operating a 2003 Cadillac Escalade ("the Escalade"), travelling northbound on Interstate 75 in Lowndes County, Georgia approximately 1 mile north of Georgia Highway 31.

16.

In the moments prior to the collision giving rise to this action, Victor Minas was travelling approximately 50-55 miles per hour in the right most northbound lane of Interstate 75 due to problems he was having with his transmission.

17.

In the moments prior to the collision giving rise to this action and at the time of the collision

giving rise to this action, Victor Minas' emergency flashers were fully operational and fully illuminated.

18.

As Victor Minas was travelling northbound on Interstate 75, Defendant Williams approached from behind, also travelling north, while operating a 2005 Freightliner tractor (hereinafter the "Freightliner") operated under the authority of Defendant Citrus and Defendant DOLO (Defendant Citrus and Defendant DOLO are hereinafter collectively referred to as the "Carrier Defendants").

19.

On the Collision Date, Defendant Williams operated the Freightliner with the express permission of the Carrier Defendants.

20.

On the Collision Date, Defendant Williams pulled ABC Corporation's trailer with the Freightliner with the express permission of the ABC Corporation.

21.

On the Collision Date, Defendant Williams operated the Freightliner with the implied permission of the Carrier Defendants.

22.

On the Collision Date, Defendant Williams pulled ABC Corporation's trailer with the Freightliner with the implied permission of ABC Corporation.

23.

On the Collision Date, Defendant Williams was an employee of the Carrier Defendants.

24.

On the Collision Date, Defendant Williams operated the Freightliner within the course and scope of his employment with the Carrier Defendants.

25.

On the Collision Date, there was nothing in the roadway of Interstate 75 directly preceding the area where Victor Minas operated the Escalade, which would have obstructed the view of Defendant Williams as he approached in the Freightliner.

26.

On information and belief, in the moments directly preceding the collision with the Escalade, Defendant Williams was operating the Freightliner in a reckless manner and at a high rate of speed.

27.

On information and belief, in the moments directly preceding his collision with the Escalade, Defendant Williams was distracted as he operated the Freightliner.

28.

On information and belief, in the moments directly preceding his collision with the Escalade, Defendant Williams operated the Freightliner at a speed greater than was reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing.

29.

As Victor Minas travelled on Interstate 75, Defendant Williams, while operating the Freightliner, struck the Escalade from behind ("the Collision").

30.

On information and belief, Defendant Williams did not attempt to stop his vehicle prior to the Collision.

31.

On September 9, 2020, five days prior to the Collision Date, the Freightliner, while also being operated by Williams, received an out of service violation of 49 CFR 396.3(a)(1) indicating that the Freightliner's brakes were leaking in that the tractor failed an air rate loss test when the governor was cut-in, engine at idle, and service brakes are fully applied.

32.

Further, Williams was notified that the Freightliner's emergency brake hose had an air leak.

33.

On September 9, 2020, the Freightliner was being operated with Florida License Plate Number JA261Q.

34.

On the Collision Date, the Freightliner was being operated with Florida License Plate Number JB86EE.

35.

On information and belief, Defendant Williams changed the license plate on the Freightliner as the result of the September 9, 2020 out of service violation.

36.

On information and belief, proper repairs were not conducted on the Freightliner prior to its return to service by Defendant Williams and the Carrier Defendants.

37.

On information and belief, at the time of the Collision, the emergency brake system on the Freightliner was not functioning properly.

38.

As a result of Defendant Williams' inattentiveness and the inadequate brakes on the Freightliner, Defendant Williams struck the rear of the Escalade with the front end of the Freightliner at such a rate of speed to cause substantial damage to the Escalade.

39.

The Collision occurred at a time when the Escalade was clearly visible in the roadway with its flashers engaged and illuminated.

40.

The force of the Collision was tremendous, causing tremendous damage to the Escalade.

41.

Victor Minas was seriously injured as a proximate result of Defendant Williams's negligent and reckless operation of the Freightliner.

42.

Victor Minas was in immense pain and continues to be in immense pain as a proximate result of the Collision.

43.

Victor Minas underwent an array of examinations to determine the extent of his injuries.

44.

Victor Minas was placed in a sling due to the possible and serious injuries caused to his shoulder and bicep tendon which were proximately caused by the Collision.

45.

Victor Minas underwent multiple lengthy and involved surgeries to remediate the physical injuries proximately caused by the Collision.

46.

Victor Minas underwent an MRI that revealed his rotator cuff was substantially torn and his bicep tendon was ruptured, which injury was proximately caused by the Collision.

47.

Victor Minas subsequently underwent surgery to address his extensive injuries which were proximately caused by the Collision.

48.

The full extent of the rotator cuff tear was unknown until the time of the first surgery.

49.

All efforts during the first surgery were made to repair the rotator cuff.

50.

The first surgery failed.

51.

Victor Minas was required an additional surgery.

52.

During the second surgery it was noted, "The supraspinatus was *completely retracted*... another release was performed to see if we were able to repair the supraspinatus, but *this was not possible*."

53.

Victor Minas suffered an irreparable rotator cuff tear as the result of the collision.

54.

In addition to a second release and attempt to repair the supraspinatus (which was not possible), the second surgery also included revision repair using dermal allograft, arthroflex from Arthrex, superior capsular reconstruction, arthroscopy.

55.

The full extent of the injuries which Victor Minas has suffered as a result of the Collision, are currently unknown, however his injuries include, but are not limited to, catastrophic injuries to his right shoulder and right bicep necessitating two extremely painful and invasive surgeries.

56.

Victor Minas missed at least three (3) months of work from Victor Minas Denturist, P.C. after each surgery.

57.

Victor Minas will require additional treatment and therapy as the result of his injuries proximately caused by the Collision.

58.

To date, Victor Minas has missed at least six (6) months of work and has incurred lost wages in an amount to be proved at trial as a proximate result of the injuries caused by the Collision.

59.

Victor Minas will continue to miss work as the result of the injuries he sustained which

were proximately caused by the Collision.

60.

Because of the injuries which were proximately caused to Victor Minas by virtue of the Collision, his wife, Janet Minas, has been deprived of Victor Minas' society, companionship, and consortium.

61.

Janet Minas has and will continue to suffer great loneliness and grief as a proximate result of the injuries which were inflicted upon Victor Minas as a proximate result of the Collision.

62.

Victor Minas will continue to incur significant medical expenses for additional necessary medical treatment that is the proximate result of the Collision.

63.

Victor Minas has suffered and will continue to suffer tremendous pain and suffering as a proximate result of the Collision.

64.

On information and belief, Victor Minas will likely incur additional lost wages as a proximate result of his injuries which were caused by the Collision.

### COUNT I—Negligence

65.

Plaintiffs reallege and incorporate herein the allegations contained in all preceding paragraphs as if fully restated herein.

66.

Defendant Williams was negligent in one or more of the following manners:

(a)     *failing to keep a proper lookout;*

(b)     *driving too fast for conditions;*

(c)     *driving while distracted;*

(d)     *failure to exercise due care;*

(e)     *reckless driving;*

(f)     *following too closely;*

(g)     *speeding;*

(h)     *operating the Freightliner with defective brakes;*

(i)     *changing the license plate on the Freightliner in order to avoid notice of the previous out of service violation; and*

(j)     *failing to properly inspect the Freightliner prior to operating same.*

67.

Defendant's negligent and or reckless acts were the proximate cause of the Collision which proximately caused the aforementioned serious injuries to Victor Minas.

## COUNT II—*Negligence Per Se*

68.

Plaintiffs reallege and incorporate herein the allegations contained in all preceding paragraphs as if fully restated herein.

69.

Defendant Williams operated his motor vehicle in a manner that was negligent as a matter

of law.  As such, his actions or inactions constitute *negligence per se.*

70.

Defendant Williams was *negligent per se* in one or more of the following manners:

(a)     *failure to exercise due care in violation of O.C.G.A. § 40-6-241*

(b)     *reckless driving in violation of O.C.G.A. § 40-6-390*

(c)     *following too closely in violation of O.C.G.A. § 40-6-49;*

(d)     *driving too fast for conditions in violation of § 40-6-180;*

(e)     *Operating an out of service vehicle without conducting the necessary repairs cited on September 9, 2020*

(f)     *Failing to properly inspect the Tractor Trailer in violation of 49 C.F.R. § 392.7; and*

(g)     *attaching a license plate or validation sticker not assigned to a particular vehicle.*

71.

Defendant's negligent and or reckless acts were the proximate cause of the Collision which proximately caused the aforementioned serious injuries to Victor Minas.

## COUNT III – Failure to Obey Max Driving Time Regulations (Defendant Williams)

72.

Plaintiffs re-allege and incorporate herein the allegations contained in all preceding paragraphs as if fully restated herein.

73.

On September 9, 2020, five days before the Collision Date, Defendant Williams was cited or warned under 49 CFR 395.30(b)(1) as the ELD on the Freightliner was not certified, and

Victor Minas et al, v. Citrus Transport, LLC et al.
State Court of Lowndes Co.
*Complaint for Damages*
Page 13 of 22

Williams could not certify the accuracy of the information contained within the ELD.

74.

On information and belief, Williams was negligent in not following federal guidelines.

75.

On information and belief, Williams' negligent failure to follow federal regulations and in operating his vehicle in excess of mandated on duty and off duty times was a proximate cause of Plaintiffs' injuries.

## COUNT IV—Vicarious Liability

76.

Plaintiffs reallege and incorporate herein the allegations contained in all preceding paragraphs as if fully restated herein.

77.

At the time of the Collision, Defendant Williams was employed by, and operating a vehicle owned by or in the exclusive possession of the Carrier Defendants.

78.

At the time of the Collision, Defendant Williams was operating his vehicle in the course and scope of his employment with the Carrier Defendants.

79.

At the time of the Collision, Defendant Williams was not on a frolic from the course and scope of his employment with the Carrier Defendants.

80.

Pursuant to Georgia law, the Carrier Defendants are responsible and directly liable for the acts and omissions of Defendant Williams resulting in the serious injuries to Victor Minas, and all damages caused thereby.

## COUNT V—Negligent Hiring/Retention

81.

Plaintiffs reallege and incorporate herein the allegations contained in all preceding paragraphs as if fully restated herein.

82.

The Carrier Defendants were negligent in hiring and retaining Defendant Williams and entrusting him to operate the Freightliner.

83.

The Carrier Defendants were negligent in failing to properly train Defendant Williams.

84.

The Carrier Defendants were negligent in failing to properly supervise Defendant Williams.

85.

The Carrier Defendants are liable for the serious injuries of Victor Minas resulting from the Carrier Defendant's own negligence.

## COUNT VI—Direct Action Against Insurer

86.

Plaintiffs reallege and incorporate herein the allegations contained in all preceding paragraphs as if fully restated herein.

87.

Defendant Trisura is the liability insurance carrier of the Carrier Defendants and is a proper party to this action pursuant to O.C.G.A. § 40-1-112 (c). Per said statute, Plaintiffs file this direct action against Trisura for the recovery of damages proximately caused by the negligence of its insureds, Defendant Williams, and the Carrier Defendants.

## COUNT VII—Plaintiff Victor Minas—Past and Future Medical Expenses

88.

Plaintiffs reallege and incorporate herein the allegations contained in all preceding paragraphs as if fully restated herein.

89.

Victor Minas has incurred significant and costly medical expenses as a result of the injuries he sustained as a proximate result of the Collision.

90.

Victor Minas will continue to incur significant and costly medical expenses as a result of the injuries he sustained as a proximate result of the Collision.

91.

Victor Minas is entitled to recover from the Defendants an award of damages equal to his past medical expenses in an amount to be proven at trial.

92.

Victor Minas is entitled to recover from the Defendants an award of damages equal to the future medical expenses in an amount to be proven at trial that he will incur as a result of his injuries which were proximately caused by the Collision.

### COUNT VIII—Plaintiff Victor Minas—Past and Future Lost Wages

93.

Plaintiffs reallege and incorporate herein the allegations contained in all preceding paragraphs as if fully restated herein.

94.

Victor Minas has incurred lost wages as a proximate result of the injuries caused by the Collision.

95.

Victor Minas will likely incur additional lost wages as a proximate result of the injuries caused by the Collision.

96.

Victor Minas is entitled to recover from the Defendants an award for past incurred lost wages in an amount to be proven at trial.

97.

Victor Minas is entitled to recover from the Defendants an award for future lost wages in an amount to be proven at trial.

## COUNT IX—Plaintiff Victor Minas—Past and Future Pain and Suffering

98.

Plaintiffs reallege and incorporate herein the allegations contained in all preceding paragraphs as if fully restated herein.

99.

As a result of his injuries which were proximately caused by the Collision, Victor Minas has had to endure tremendous mental pain and suffering.

100.

As a result of his injuries which were proximately caused by the Collision, Victor Minas will continue to endure tremendous mental pain and suffering.

101.

Specifically, as a result of his injuries which were proximately caused by the Collision, Victor Minas has, and will continue to suffer the following:

(a)    interruption to his enjoyment of life;

(b)    loss of capacity to labor and earn money;

(c)    impairment of his bodily health and vigor;

(d)    past and continued fear of extent of injury;

(e)    shock of impact;

(f)    actual pain and suffering;

(g)    mental anguish;

(h)    limitation to his activities. *See Food Lion, Inc. v. Williams, 219 Ga.App. 352 (1995)*

102.

Victor Minas is entitled to recover from the Defendants an award of damages to compensate him for past and future pain and suffering in an amount to be demonstrated by the evidence presented at trial and determined by the enlightened conscience of the jury.

## COUNT X—Plaintiff Janet Minas—Past and Future Loss of Consortium

103.

Plaintiffs reallege and incorporate herein the allegations contained in all preceding paragraphs as if fully restated herein.

104.

On the Collision Date, Victor Minas and Janet Minas were legally married to each other. They were each other's lawful spouse at all times relevant to the claims presented herein.

105.

Janet Minas brings this action for the loss of the society, companionship and consortium of Victor Minas solely and proximately caused by the personal injuries which the negligent and or reckless acts of the Defendants proximately caused to him.

106.

As a proximate result of the Defendant's negligent and or reckless acts, Victor Minas has been unable to perform the normal day-to-day chores which couples share in running a household.

107.

The negligent and or reckless acts of the Defendants is the sole and proximate cause of the injuries to Victor Minas and the resulting loss to Janet Minas of his society, companionship, and consortium for an extended period of time. This further has caused Janet Minas great suffering

from loneliness and grief.

108.

As a proximate result of the injuries caused to Victor Minas by the negligent and or reckless acts of the Defendants, Janet Minas will continue to suffer from the loss of Victor Minas' society, companionship, and consortium. Janet Minas will continue to suffer great loneliness and grief as a result of this loss.

109.

Janet Minas is entitled to recover from the Defendants an award of damages to compensate her for his past and future loss of consortium with her husband Victor Minas in an amount to be demonstrated by the evidence presented at trial and determined by the enlightened conscience of the jury.

### COUNT XI—Plaintiffs Victor Minas and Janet Minas:  Punitive Damages

110.

Plaintiffs reallege and incorporate herein the allegations contained in all preceding paragraphs as if fully restated herein.

111.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiffs to an award of punitive damages.

112.

Pursuant to O.C.G.A. § 51-12-5.1, punitive damages should be awarded to Plaintiffs to punish, penalize, or deter Defendants from engaging in similar future conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that they have a trial on all issues and judgment against the Defendants as follows:

(a)    That Victor Minas recover the full value of her past medical expenses in an amount to be proven at trial;

(b)    That Victor Minas recover the full value of his future medical expenses, in an amount to be proven at trial;

(c)    That Victor Minas recover the full value of his past lost wages in an amount to be proved at trial;

(d)    That Victor Minas recover the full value of his future lost wages, in an amount to be proven at trial;

(e)    That Victor Minas recover the full value of his past pain and suffering, in an amount to be demonstrated by the evidence presented and determined by the enlightened conscience of the jury;

(f)    That Victor Minas recover the full value of his future pain and suffering, in an amount to be demonstrated by the evidence presented and determined by the enlightened conscience of the jury;

(g)    That Plaintiffs be awarded punitive damages in an amount sufficient to deter future similar wrongful conduct by the Defendant;

(h)    That Janet Minas recover the full value of her past loss of consortium with her husband Victor Minas in an amount to be demonstrated by the evidence presented and determined

by the enlightened conscience of the jury;

(i)     That Janet Minas recover the full value of her future loss of consortium with her husband Victor Minas in an amount to be demonstrated by the evidence presented and determined by the enlightened conscience of the jury;

(j)     That Plaintiffs recover such other and further relief as is just and proper;

(k)    For at least six (6) months to complete discovery;

(l)     That all issues be tried before a jury of twelve.

Respectfully submitted this 13th day of September, 2022.

WATSON SPENCE, LLP
*Attorneys for Plaintiffs*

By:    */s/ Christopher L. Foreman*
        Christopher L. Foreman
        State Bar No.: 507739
        320 W Residence Ave. (31701)
        Post Office Box 2008
        Albany, Georgia 31701-2008
        T: (229) 436-1545
        F: (229) 436-6358
        cforeman@watsonspence.com

# EXHIBIT B

LOWNDES COUNTY, GEORGIA
Lowndes County - State Court
2022SCV0506
9/13/2022 4:58 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Michael Hebert

## IN THE STATE COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

VICTOR MINAS AND JANET MINAS,  :
    :
  Plaintiffs,    :
    :
vs.    :  CIVIL ACTION FILE
    :  NO.: _____
CITRUS TRANSPORT, LLC,  :  2022SCV0506
DOLO TRUCKING COMPANY,  :
ANTHONY CORNELIUS WILLIAMS,  :
TRISURA SPECIALTY INSURANCE  :
COMPANY, ABC CORORATION, and  :
XYZ INSURANCE COMPANY,  :
    :
  Defendants.    :

SHERIFF, DUVAL COUNTY, FL

Date: 9/19/22   Time: 1415 th

By: D. C. CALDWELL # 7012

## SUMMONS

TO: Citrus Transport, LLC

  You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff=s attorney, whose name and address is:

    Christopher L. Foreman
    Watson Spence LLP
    320 Residence Avenue
    Post Office Box 2008
    Albany, Georgia 31702-2008

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. If you are a corporation, be advised that Georgia law requires that you be represented by an attorney in this matter.

  This 13th _____ day of September , 2022.

      Clerk/Deputy Clerk
      /s/ Michael Hebert
    By: _____
      State Court of Lowndes County, Georgia

LOWNDES COUNTY, GEORGIA
Lowndes County - State Court
2022SCV0506
9/13/2022 4:58 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Michael Hebert

## IN THE STATE COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

VICTOR MINAS AND JANET MINAS,      :

     Plaintiffs,                 :

                                  :

vs.                              :        CIVIL ACTION FILE

                                :        NO.: _____

CITRUS TRANSPORT, LLC,         :            2022SCV0506

DOLO TRUCKING COMPANY,      :

ANTHONY CORNELIUS WILLIAMS, :

TRISURA SPECIALTY INSURANCE   :

COMPANY, ABC CORORATION, and  :

XYZ INSURANCE COMPANY.       :

                                :

     Defendants.               :

## SUMMONS

TO:    Trisura Specialty Insurance Company   210 Park Ave #1300

     You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> Christopher L. Foreman
> Watson Spence LLP
> 320 Residence Avenue
> Post Office Box 2008
> Albany, Georgia 31702-2008

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. If you are a corporation, be advised that Georgia law requires that you be represented by an attorney in this matter.

This 13th day of September, 2022.

                           Clerk/Deputy Clerk

                           /s/ Michael Hebert

         By: _____

                           State Court of Lowndes County, Georgia

LOWNDES COUNTY, GEORGIA
Lowndes County - State Court
2022SCV0506
9/13/2022 4:58 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Michael Hebert

### IN THE STATE COURT OF LOWNDES COUNTY
### STATE OF GEORGIA

VICTOR MINAS AND JANET MINAS,          :
                                       :
    Plaintiffs,                        :
                                       :
vs.                                    :          CIVIL ACTION FILE
                                       :          NO.: _____
CITRUS TRANSPORT, LLC,                 :          2022SCV0506
DOLO TRUCKING COMPANY,
ANTHONY CORNELIUS WILLIAMS,
TRISURA SPECIALTY INSURANCE
COMPANY, ABC CORORATION, and           :
XYZ INSURANCE COMPANY,

    Defendants.                        :

SUMMONS

TO:   Anthony Cornelius Williams

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

        Christopher L. Foreman
        Watson Spence LLP
        320 Residence Avenue
        Post Office Box 2008
        Albany, Georgia 31702-2008

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. If you are a corporation, be advised that Georgia law requires that you be represented by an attorney in this matter.

    This 13th ___ day of September, 2022.

                Clerk/Deputy Clerk
                /s/ Michael Hebert
      By: _____
                State Court of Lowndes County, Georgia